FILED

2008 AUG 12  PM 2:09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THO TRONG LE,<br>CDCR #V-63893,<br><br>                                    Plaintiff,<br><br>vs.<br><br>M. RESLER; K. GRADY,<br><br><br>                                    Defendants. | Civil No.    08-1417 BEN (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO  INITIAL PARTIAL FILING FEE, GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

Tho Trong Le ("Plaintiff"), a prisoner currently incarcerated at Kern Valley State Prison, located in Delano, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

////

////

////

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A

The Prison Litigation Reform Act ("PLRA") also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

1   *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

2   *Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d

3   1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint

4   states a claim, a court must accept as true all allegations of material fact and must construe those

5   facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at

6   1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure

7   12(b)(6)").

8       Here, the Court finds that Plaintiff's Complaint alleges facts sufficient to survive the sua

9   sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court shall

10  order U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C.

11  § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in

12  [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States

13  marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when

14  the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."").

15  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is

16  cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant]

17  may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

18  **III.  CONCLUSION AND ORDER**

19       Good cause appearing, **IT IS HEREBY ORDERED** that:

20       1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

21  is **GRANTED**.

22       2.    The Secretary of California Department of Corrections and Rehabilitation, or his

23  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

24  owed in this case by collecting monthly payments from the account in an amount equal to twenty

25  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

26  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

27  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

28  ASSIGNED TO THIS ACTION.

1        3.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

2  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

3  Sacramento, California 95814.

4        **IT IS FURTHER ORDERED** that:

5        4.     The Clerk shall issue a summons upon Defendants, and forward it to Plaintiff

6  along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk

7  shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint

8  and the summons for purposes of serving each of these Defendants. Upon receipt of this "IFP

9  Package," Plaintiff is directed to complete the Form 285s as completely and accurately as

10  possible, and to return them to the United States Marshal according to the instructions provided

11  by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall

12  serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on

13  each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C.

14  § 1915(d); FED.R.CIV.P. 4(c)(2).

15        5.     Defendants are thereafter **ORDERED** to reply to the Complaint within the time

16  provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C.

17  § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to

18  any action brought by a prisoner confined in any jail, prison, or other correctional facility under

19  section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C.

20  § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face

21  on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"

22  Defendants are required to respond).

23        6.     Plaintiff shall serve upon Defendants or, if appearance has been entered by

24  counsel, upon Defendants' counsel, a copy of every further pleading or other document

25  submitted for consideration of the Court. Plaintiff shall include with the original paper to be

26  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

27  of any document was served on Defendants, or counsel for Defendants, and the date of service.

28

1   Any paper received by the Court which has not been filed with the Clerk or which fails to

2   include a Certificate of Service will be disregarded.

3

4   DATED: _____            _____

5                                      HON. ROGER T. BENITEZ
                                       United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28